**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 26-cv-05009-NYW

ROOSEVELT THEROGENE,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
GEORGE VALDEZ, in his official capacity,
DAVID J. VENTURELLA, in his official capacity,
MARKWAYNE MULLIN, in his official capacity, and
TODD BLANCHE, in his official capacity,

Respondents.

---

## MEMORANDUM OPINION AND ORDER

---

Before the Court is the Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief ("Petition") filed by Petitioner Roosevelt Therogene on October 6, 2026. [Doc. 1]. Respondent has filed a Response on October 16, 2026, and Petitioner filed his reply on the same day. *See* [Doc. 5; Doc. 6]. After reviewing the record and the applicable law, the Petition is **GRANTED in part**.

## DISCUSSION

Petitioner alleges he is a citizen and national of Haiti and that he entered the United States on or about May 24, 2022. [Doc. 1 at ¶¶ 1, 3]. He alleges that he was arrested without a warrant on September 6, 2026 by the Wyoming Highway Patrol, and was subsequently turned over to ICE. [*Id.* at ¶ 1]. He is currently detained at the GEO Contract

Detention Facility in Aurora, Colorado. [*Id.* at ¶ 2]. He was not charged with any offense following his arrest by the Wyoming Highway Patrol and asserts that "the arrest and transfer to ICE was pretextual, without probable cause, arbitrary and unconstitutional." [*Id.* at ¶ 10]. He asserts the following three claims: Unlawful Arrest and Detention in Violation of the Fourth Amendment; Unlawful Arrest and Detention in Violation of 8 U.S.C. §§ 1226(a) and 1357(a), and 8 C.F.R. § 236.1(b)(1); and Violation of Fifth Amendment Right to Due Process. [*Id.* at 23–28]. As relief, he requests immediate release, or alternatively a custody redetermination hearing before this Court or before an IJ. [*Id.* at 29].

As previously explained in detail by the Court, section 1226 authorizes arrest and detention only "[o]n a warrant issued by the Attorney General," 8 U.S.C. § 1226(a), or without a warrant in very limited circumstances, 8 U.S.C. § 1357(a)(2). *See also Torres v. Baltazar,* No. 26-cv-04996-NYW, 2026 WL 3120698, at *2 (D. Colo. Oct. 19, 2026) (discussing the requirements for warrantless arrests). Respondents make no argument that Petitioner's arrest was proper or that his ongoing detention is justified. [Doc. 5 at 1–2] ("For purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case."). Furthermore, "Respondents recognizes that the Court may then decide to grant the Petition and award appropriate relief." [*Id.* at 2]. Respondents assert that "the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, release Petitioner from detention." [*Id.* at 1–2].

Because nothing in the record before this Court demonstrates that the Government complied with either § 1226(a) in obtaining a warrant prior to Petitioner's arrest or

§ 1357(a)(2), and because Respondents do not contest Petitioner's claim that he is entitled to immediate release, the Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief [Doc. 1] is **GRANTED in part** with respect to Petitioner's second claim. Respondents **SHALL RELEASE** Petitioner within **48 hours** of the entry of this Order. Because the Court has granted the requested relief, the Court need not address Petitioner's other claims.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief [Doc. 1] is **GRANTED in part**;

(2) Respondents are **DIRECTED** to immediately release Petitioner **within 48 hours of the entry of this Order**; and

(3) Parties **SHALL SUBMIT** a joint status report pursuant to 28 U.S.C. § 1746 on or before **October 28, 2026,** confirming Petitioner's release from custody and indicating whether any additional proceedings in this matter are required.

DATED: October 21, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge